IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **DISPLAY TECHNOLOGIES, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**SONY COMPUTER ENTERTAINMENT AMERICA LLC,**<br><br>Defendant. | **Civil Action No. 2:15-cv-997**<br><br>**JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT

Plaintiff Display Technologies, LLC ("Display Technologies" or "Plaintiff") files this Amended Complaint for patent infringement against Sony Computer Entertainment America LLC ("Sony" or "Defendant") alleging as follows:

## PARTIES

1.   Plaintiff Display Technologies, LLC is limited liability company organized under the state of Texas having a principal place of business at 1400 Preston Road, Ste. 400, Plano, TX 75093.

2.   Upon information and belief, Defendant Sony is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 2207 Bridgepointe Pkwy, San Mateo, CA 94404.  Upon information and belief, Sony may be served via its registered agent for service of process: Corporation Service Company, 2711 Centerville Road, Ste. 400, Wilmington, DE 19808.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed acts of patent infringement in this district.

5. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

## U.S. PATENT NO. 8,671,195

6. Plaintiff is the owner by assignment of United States Patent No. 8,671,195 (the "'195 Patent") entitled "Digital Media Communications Protocol." The '195 Patent issued on March 11, 2014. A true and correct copy of the '195 Patent is attached as Exhibit A.

7. Mr. Leigh M. Rothschild is listed as the inventor on the '195 Patent.

8. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, predecessors in interest to the '195 Patent complied with such requirements.

## COUNT I
## (INFRINGEMENT OF U.S. PATENT NO. 8,671,195)

9. Sony has, pursuant to 35 U.S.C. § 271, infringed and continues to infringe, the '195 Patent in the State of Texas, in this judicial district, and/or elsewhere in the United States by, among other things, making, using, selling, offering to sell, and/or importing, without license, a

digital media communications protocol for transmitting media files between a media terminal and media node on an interactive network, such as Remote Play.

10. Remote Play falls within the scope of at least claim 17 of the '195 Patent, as evidenced by Sony's product descriptions. For example, Remote Play provides a digital communications protocol. *See http://manuals.playstation.net/document/en/psvita/ps4link/index. html*. Remote Play includes at least one media terminal and media node, a communications link between them, the communications link being initiated by one of the Remote Play devices, the media node and terminal structured to transmit a digital file over the communications link, and the communications link is structured to bypass at least one media terminal security measure. For example, the Remote Play "lets the PS Vita operate a PS4 via a wireless connection. This gives you the ability to play most PS4 Games away from the couch and even away from home on your PS Vita." *See http://faq.en.playstation.com/app/answers/detail/a_id/9539/~/ps4%E2%84%A2-remote-play-and-second-screen.*

11. As a result of Sony's infringement of the '195 Patent, Plaintiff has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Sony's infringing activities are enjoined by this Court.

12. Unless a permanent injunction is issued enjoining Sony and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '195 Patent, Plaintiff will be irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Sony has infringed the '195 Patent;

      2.      A permanent injunction enjoining Sony and its officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '195 Patent, or such other equitable relief the Court determines is warranted;

      3.      A judgment and order requiring Sony to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '195 Patent as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement;

      4.      Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED June 10, 2015.                         Respectfully submitted,

By: */s/ Hao Ni*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Neal G. Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR PLAINTIFF
DISPLAY TECHNOLOGIES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of June, 2015, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Marshall Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Stevenson Moore*
Stevenson Moore