IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **DISPLAY TECHNOLOGIES, LLC,**<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>**SONY COMPUTER ENTERTAINMENT AMERICA LLC,**<br><br>　　　　　　Defendant. | **Civil Action No. 2:15-cv-997-JRG-RSP**<br><br>*consolidated with* **Civil Action No. 2:15-cv-00998-JRG-RSP** |

**SONY COMPUTER ENTERTAINMENT AMERICA LLC'S ANSWER AND COUNTERCLAIMS TO DISPLAY TECHNOLOGIES, LLC'S SECOND AMENDED COMPLAINT**

　　　　In response to the Second Amended Complaint ("Complaint") of Plaintiff Display Technologies, LLC ("Display Technologies"), Defendant Sony Computer Entertainment America LLC ("SCEA") answers and states as follows. To the extent any allegation contained in Display Technologies' Complaint is not specifically admitted in this Answer, it is hereby denied. SCEA further denies any allegation that may be implied by or inferred from the headings of Display Technologies' Complaint.

**PARTIES**

　　　　1.　　　SCEA lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, denies the same.

　　　　2.　　　SCEA admits that it is a limited liability company organized and existing under the laws of the State of Delaware. SCEA admits that its principle place of business is located at 2207 Bridgepointe Pkwy, San Mateo, CA 94404. SCEA admits that it has

appointed Corporation Service Company, located at 2711 Centerville Road, Ste. 400, Wilmington, DE 19808, as its registered agent for service of process.

## JURISDICTION AND VENUE

3.  SCEA admits that the Complaint purports to be an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. SCEA further admits that this Court has subject matter jurisdiction over meritorious actions for patent infringement generally pursuant to 28 U.S.C. §§ 1331 and 1338(a). SCEA denies, however, that the Complaint sets forth a valid or meritorious claim for patent infringement.

4.  SCEA does not dispute, for the purposes of this action only, that venue is technically proper in this judicial district, but SCEA denies that this judicial district is the most convenient forum for adjudication of the claims alleged in this action and SCEA denies that it has committed acts of patent infringement as alleged, in this district or any other district.

5.  SCEA does not dispute, for the purposes of this action only, that this Court has personal jurisdiction over it. SCEA admits that it conducts business in the United States and this judicial district. SCEA expressly denies, however, that it has committed acts of patent infringement as alleged, in this judicial district or any other district. SCEA denies any remaining allegations in Paragraph 5.

## U.S. PATENT NO. 8,671,195

6.  SCEA admits that U.S. Patent No. 8,671,195 (the "'195 Patent"), on its face, is entitled "Digital Media Communications Protocol." SCEA admits that the '195 Patent, on its face, lists an issue date of March 11, 2014. SCEA admits that Exhibit A

appears to be a copy of the '195 Patent. SCEA lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 and, therefore, denies the same.

7. SCEA admits that Leigh Rothschild is listed as the inventor on the '195 Patent; however, to the extent Display Technologies asserts or implies such, SCEA lacks information sufficient to form a belief as to whether Mr. Rothschild is the sole or correct inventor of the '195 Patent and, therefore, denies the same.

8. SCEA lacks information sufficient to form a belief as to whether the allegations set forth in Paragraph 8 are true and, therefore, denies the same.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 8,671,195)

9. SCEA denies the allegations set forth in Paragraph 9.

10. SCEA denies the allegations set forth in Paragraph 10.

11. SCEA denies the allegations set forth in Paragraph 11.

12. SCEA denies the allegations set forth in Paragraph 12.

13. SCEA denies the allegations set forth in Paragraph 13.

14. SCEA denies the allegations set forth in Paragraph 14.

15. SCEA denies the allegations set forth in Paragraph 15.

16. SCEA denies the allegations set forth in Paragraph 16.

17. SCEA denies the allegations set forth in Paragraph 17.

18. SCEA denies the allegations set forth in Paragraph 18.

**PRAYER FOR RELIEF**

SCEA denies that Display Technologies is entitled to any relief in connection with the allegations set forth in its Complaint, including, but not limited to, the allegations set forth in Paragraphs 1-4 of Display Technologies' Prayer for Relief.

## DEMAND FOR JURY TRIAL

SCEA admits that Display Technologies demands a trial by jury for any issues so triable under Rule 38 of the Federal Rules of Civil Procedure.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that SCEA bears the burden of proof as to any of the following defenses, based upon information and belief, SCEA asserts the following defenses:

## FIRST DEFENSE
### (Non-infringement of the Asserted Patent)

SCEA has not infringed any valid and enforceable claim of the '195 Patent, pursuant to 35 U.S.C. § 271, including claim 17, either literally or under the doctrine of equivalents, and, therefore, SCEA is not liable for any infringement thereof.

## SECOND DEFENSE
### (Invalidity of the Asserted Patent)

The '195 Patent is invalid because it fails to satisfy the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112. Therefore, SCEA is not liable for any infringement thereof.

## THIRD DEFENSE
### (Failure to Mark)

17. Display Technologies' claims for damages for purported patent infringement are limited at least in part by 35 U.S.C. § 287.

## RESERVATION OF ADDITIONAL DEFENSES

18. SCEA expressly reserves the right to raise and allege any and all additional defenses as they become known through further investigations and discovery.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, SCEA asserts the following Counterclaims against Display Technologies.

## PARTIES

1. Sony Computer Entertainment America LLC ("SCEA") is a Delaware limited liability company with its principle place of business located at 2207 Bridgepointe Pkwy, San Mateo, CA 94404.

2. Upon information and belief, and as alleged in Display Technologies LLC's ("Display Technologies") Second Amended Complaint ("Complaint"), Display Technologies is a Texas limited liability company having a principle place of business located at 1400 Preston Road, Ste. 400, Plano, TX 75093.

## JURISDICTION

3. The following counterclaims arise under the United States Patent Laws, 35 U.S.C. § 101 *et seq*. These counterclaims seek declaratory relief for which this court has jurisdiction pursuant to 28 U.S.C., §§ 1331, 1338, 2201, and 2202.

4. Display Technologies has consented to the personal jurisdiction of this Court by bringing the present action.

5. By bringing the present action, Display Technologies represents that it is the sole assignee and owner of the '195 Patent. Display Technologies has alleged that SCEA has infringed the '195 Patent, and SCEA denies those allegations. Based on Display Technologies' Complaint against SCEA, and SCEA's Answer thereto, there

exists an actual and justiciable controversy between Display Technologies and SCEA concerning the '195 Patent.

## COUNT 1
### (Declaration of Non-Infringement)

6. SCEA incorporates by reference as if set forth herein all allegations in Paragraphs 1-5 of its Counterclaims.

7. SCEA has not infringed and is not infringing, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '195 Patent. Therefore, SCEA is entitled to a declaratory judgment of non-infringement of the '195 Patent.

## COUNT II
### (Declaration of Invalidity)

8. SCEA incorporates by reference as if set forth herein all allegations in Paragraphs 1-9 of its Counterclaims.

9. The '195 Patent is invalid because it is unpatentable as being directed to patent-ineligible subject matter under 35 U.S.C. § 101, unpatentable as anticipated under 35 U.S.C. § 102, unpatentable as obvious under 35 U.S.C. § 103, fails to meet one or more of the requirements of 35 U.S.C. § 112, and/or does not otherwise meet one or more requirements of Title 35 of the United States Code.

10. By reason of the foregoing, SCEA is entitled to a declaratory judgment that the '195 Patent is invalid.

## JURY DEMAND

SCEA respectfully demands a jury trial of all issues triable to a jury.

## PRAYER

Wherefore, SCEA prays for judgment that

A.  finds judgment in favor of SCEA and against Display Technologies,

B.  dismisses Display Technologies' Complaint with prejudice,

C.  declares that SCEA has not infringed the '195 Patent,

D.  declares the claims of the '195 Patent invalid,

E.  awards SCEA its fees and costs, including attorneys' fees incurred herein,

and

F.  grants that such other and further relief as the Court may deem just and proper.

Dated: September 8, 2015.	Respectfully submitted,

/s/  *Abran J. Kean*                              .

Eric A. Buresh
Erise IP, P.A.
6201 College Blvd., Suite 300
Overland Park, KS 66211
(913) 777-5600 (p)
(913) 777-5601 (f)

Abran J. Kean
Erise IP, P.A.
5600 Greenwood Plaza Blvd., Suite 200
Greenwood Village, CO 80111
(913) 777-5600 (p)
(913) 777-5601 (f)

***Attorneys for Defendant Sony Computer Entertainment America LLC***

## CERTIFICATE OF SERVICE

    I hereby certify that all counsel of record who are deemed to have consented to electronic services are being served with a copy of the foregoing via the Court's CM/ECF system per Local Civil Rule CV-5(a)(3) on September 8, 2015.


                              /s/  *Abran J. Kean*  .
                              Abran J. Kean